IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Stephens Remodeling, LLC, | C/A No. 3:17-1762-JFA |
| Plaintiff, | |
| v. | **ORDER** |
| All Occupants, | |
| Defendants. | |

I. **INTRODUCTION**

Defendants (identified in the state court action as "All Occupants"), proceeding pro se, filed a notice of removal which purports to remove Civil Action No. 2017-CV-32-1101122 from the Lexington County Magistrate Court. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to the Magistrate Judge.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") *sua sponte* and opines that this case should be remanded to Lexington County Magistrate Court for lack of subject matter jurisdiction. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on July 26, 2017. (ECF No. 12).Thus, this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## II. DISCUSSION

Here, Defendants have made various vague and incoherent statements that fail to respond to the Report or specifically reference any findings of fact or conclusions of law. Defendants merely state that "We are objecting to the Report and Recommendation dated 12 July 2017." (ECF No. 10 p. 1). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Report is adopted.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and

Recommendation (ECF No. 7) and Remands this case back to the Lexington County Magistrate Court. Additionally, all remaining pending motions are terminated as moot.

IT IS SO ORDERED.

August 8, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge